IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY THIN ZAR and PHYU CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No. 19-cv-00250-MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS RE: PLAINTIFF CASTILLO'S FIRST CLAIM FOR RELIEF; VACATING HEARING**<br><br>Re: Dkt. No. 25 |

Before the Court is defendant Megan J. Brennan, Postmaster General of the United States Postal Service's ("Postmaster General") Motion, filed May 14, 2019, "for Judgment on the Pleadings Re Phyu Castillo's First Claim for Relief." Plaintiffs May Thin Zar ("Zar") and Phyu Castillo ("Castillo") have filed opposition, to which the Postmaster General has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for June 21, 2019, and rules as follows.

In their complaint, plaintiffs allege on behalf of Zar and Castillo two Claims for Relief, specifically, "Sexual Harassment and Sex Discrimination" and "Retaliation," each brought under Title VII. The First Claim for Relief is based on plaintiffs' allegations that

---

[1] The Postmaster General submitted the chambers copy of her reply in double-sided format. The Postmaster General is advised that all future chambers copies should be in single-sided format. See Standing Orders for Civil Cases Assigned to The Honorable Maxine M. Chesney ¶ 2; Civil L.R. 3-4(c)(2) (providing "text must appear on one side only").

they were subjected to sexual harassment by Ronald Caluag ("Caluag"), "their supervisor and co-employee" (see Compl. ¶¶ 1, 13-19, 21-28, 31), and the Second Claim for Relief is based on plaintiffs' allegations that, after they reported Caluag's activities to the Postal Service, the Postal Service "requir[ed]" plaintiffs "to continue to work with . . . Caluag" and "permitted" Caluag to "spread gossip" about them (see Compl. ¶ 42).

By the instant motion, the Postmaster General seeks, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the First Claim for Relief to the extent it is asserted on behalf of Castillo, on the ground said claim is time-barred.

"[F]ederal employees complaining of discrimination by a governmental agency must consult an EEO Counselor prior to filing a complaint in order to try to informally resolve the matter, and they must initiate contact with a Counselor within 45 days of the matter alleged to be discriminatory." Lyons v. England, 307 F.3d 1092, 1105 (9th Cir. 2002) (internal quotations, alteration, and citations omitted); see also 29 C.F.R. § 1614.105 (providing "aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory"). Discrimination claims "arising out of incidents" occurring more than 45 days prior to the date such contact was initiated are "time-barred." See Lyons, 307 F.3d at 1105. "Whether a plaintiff in a Title VII action has timely exhausted her administrative remedies is an affirmative defense" and "the defendant bears the burden of pleading and proving it." Kraus v. Presidio Trust Facilities Division, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (internal quotation and citation omitted).

Here, in her answer, the Postmaster General asserts as an affirmative defense that "Castillo's claims based on conduct that occurred more than 45 days before she contacted an EEO Counselor on or about January 9, 2018" are "barred." (See Def.'s Answer, Fourth Affirmative Defense).[2] By the instant motion, the Postmaster General

---

[2] It is undisputed that Castillo initiated contact with an EEO Counselor on January 9, 2018. (See Def.'s Answer ¶ 11; Pls.' Opp. at 1:14-15.)

2

argues the complaint establishes on its face that Castillo's claim for sexual harassment is time-barred because, according to the Postmaster General, no acts contributing to the alleged hostile work environment occurred within the 45-day period prior to January 9, 2018.

"A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002) (hereinafter, "Morgan") (internal quotation and citation omitted). "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by the court for the purposes of determining liability." Id. at 117-118 (holding Title VII "does not separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability"). "A court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and, if so, whether any act falls within the statutory period." Id. at 120.

Here, the complaint alleges the following acts that occurred more than 45 days prior to January 9, 2018: (1) in 2003, Castillo and Caluag began working together at the Daly City Post Office and, when they were "alone together," he "would leer at [her] breasts and make salacious comments, like 'mmmmm,' or 'I want some of this,' on a weekly basis" (see Compl. ¶¶ 20-21); (2) beginning in 2009, Caluag "began touching" Castillo and "suggesting that they perform sexual acts together," and, "[o]ften, he would grab her hand and try to drag her into a bathroom or private space" (see Compl. ¶ 22); (3) in 2016, when Caluag became "a supervisor," he "became yet more aggressive, frequently commenting on . . . Castillo's breasts and asking her for kisses" (see Compl. ¶ 23); and (4) in September 2017, when Castillo and Caluag were in an "isolated" area, he "grabbed her, pressed his erect penis against her body, held her, and tried to kiss her" (see Compl. ¶ 24).

//

3

Further, the complaint, construed in the light most favorable to plaintiffs,[3] also alleges acts that occurred within the subject 45-day period: (1) after Castillo reported "what had happened to her to the Postmaster," Caluag, "[w]hen he saw her" at work, "glared and stared" at her (see Compl. ¶¶ 25-26); and (2) Caluag "told other U.S.P.S. employees and supervisors that he felt sorry for . . . Castillo and that [she] had only reported him to get out of having to work" (see Compl. ¶ 26).

The Postmaster General does not dispute, at least for purposes of the instant motion, that the conduct allegedly occurring outside the limitations period suffices to state a claim for hostile work environment based on gender. She does dispute, however, whether, the allegations of conduct occurring within the 45-day period constitute continuing acts of harassment based on gender.

A similar dispute was addressed in the Ninth Circuit in Porter v. California Dep't of Corrections, 419 F.3d 885 (9th Cir. 2005). In opposing a motion for summary judgment asserting a failure to timely exhaust a sexual harassment claim, the plaintiff therein offered evidence that, outside the limitations period, a co-worker who later became a supervisor "sexually propositioned" her, made "offensive comments to her," and told another co-worker the plaintiff "was a 'whore,'" and that, within the limitations period, said individual, after learning the plaintiff had complained about his conduct, "glared at [her] in an intimidating fashion." See id. at 893-94. The Ninth Circuit held that a trier of fact reasonably could conclude the conduct within the limitations period, albeit "less severe, humiliating and pervasive" than the conduct outside said period, involved "the same type of sexist activity," specifically, "intimidating or demeaning the value of female employees who do not submit to demands for sexual favors," and, consequently, that such trier of fact reasonably could find the plaintiff had been subjected to a "sexually hostile

---

[3]In analyzing a motion for judgment on the pleadings, a district court must "accept all material allegations in the complaint as true" and construe them "in the light most favorable to the plaintiff." See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).

4

environment that persisted [into the limitations period]." See id. at 894.

Here, plaintiffs have alleged sufficient facts to support a finding that, outside the limitations period, Caluag, after his sexual advances were rebuffed, sought to intimidate and demean Castillo by repeatedly attempting to drag her into private areas of the workplace and, on one occasion, attempting to force himself on her when they both were in a private area. Plaintiffs have also alleged sufficient facts to support a finding that Caluag's acts within the limitations period, specifically, his glaring and staring at Castillo and his telling other Postal Office employees that she only made a complaint against him in an effort to avoid having to work, constituted additional attempts to intimidate and/or demean Castillo for having rejected his advances. See id. at 894.

Under such circumstances, the Court finds the Postmaster General has failed to show the timeliness of Castillo's sexual harassment claim can be resolved at the pleading stage, as the alleged acts within the limitations period reasonably could be found to be a continuation of the same hostile work environment that first existed outside the limitations period. See Morgan, 536 U.S. at 118 (holding EEO charge alleging claim of hostile work environment is timely where "any act that is part of the hostile work environment" occurred within limitations period).

## CONCLUSION

For the reasons stated above, the Postmaster General's motion for judgment on the pleadings is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 17, 2019

MAXINE M. CHESNEY
United States District Judge

5