1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  WENDY M. GARBERS (CABN 213208)
   Assistant United States Attorney
4  EMMET P. ONG (NYBN 4581369)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6475
7       FAX: (415) 436-7234
        wendy.garbers@usdoj.gov
8
   Attorneys for Defendant
9  POSTMASTER GENERAL

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13
   MAY THIN ZAR and PHYU CASTILLO,       Case No. 19-250-MMC
14
            Plaintiffs,                  **STIPULATION AND AGREEMENT OF**
15                                       **COMPROMISE AND SETTLEMENT AND**
        v.                               ~~[PROPOSED]~~ **ORDER**
16
   MEGAN J. BRENNAN, POSTMASTER
17 GENERAL OF THE UNITED STATES
   POSTAL SERVICE,
18
            Defendant.
19

20          IT IS HEREBY STIPULATED by and between the parties, by and through their respective

21 attorneys, as follows:

22          WHEREAS, Plaintiffs filed the above-captioned action on January 14, 2019;

23          WHEREAS, Plaintiff Thin Zar has filed the following administrative EEO complaint with Postal

24 Service: *May Thin Zar v. Megan J. Brennan,* Agency Case No. 4F-940-0014-18.

25          WHEREAS, Plaintiff Castillo has filed the following administrative EEO complaint with Postal

26 Service: *Phyu Castillo v. Megan J. Brennan,* Agency Case No. 4F-940-0028-18.

27

28

1       WHEREAS, through the above-captioned action, Plaintiffs allege that they were sexually

2 harassed by their 204b supervisor Ronaldo Caluag, and that said harassment included physical assaults

3 that led to emotional distress;

4       WHEREAS, Plaintiffs and Defendant wish to avoid any further litigation and controversy and to

5 settle and compromise fully any and all claims and issues that have been raised, or could have been

6 raised, in this action arising out of Plaintiffs' employment with Defendant, which have transpired prior

7 to the execution of this Settlement Agreement ("Agreement");

8       NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and

9 other good and valuable consideration, the Parties agree as follows:

10       1. **Settlement Consideration**.  In full and final settlement of all claims in connection with the

11 above-captioned action, Defendant agrees that:

12       (a) <u>Monetary Consideration</u>:  Defendant shall pay Plaintiffs three hundred eight five thousand

13 dollars ($385,000.00) dollars ("Settlement Amount"), as a lump-sum payment to represent non-wage

14 compensatory damages.  The Settlement Amount shall be divided between Plaintiffs evenly.  One check

15 in the amount of one hundred ninety two thousand and five hundred dollars ($192,500) will be made

16 payable to May Thin Zar.  One check in the amount of one hundred ninety two thousand and five

17 hundred dollars ($192,500) shall be made payable to Phyu Castillo. The checks will be mailed to

18 Plaintiffs in care of their counsel at the following address:  Julia Parish and Katherine Wutchiett, Legal

19 Aid at Work, 180 Montgomery Street, Suite 600, San Francisco, CA 94104.  Plaintiffs and their

20 attorneys have been informed that payment of the Settlement Amount may take sixty (60) days or more

21 to process from the date that the Court "so orders" this Agreement to process.

22       (b) <u>Non-Monetary Consideration</u>:  Defendant agrees:

23       (1) To provide each Plaintiff with a letter, in the form of Exhibit A, stating that Ronaldo

24       Caluag may never supervise either Plaintiff.

25       (2) To inform Plaintiffs, in response to their inquiry, at which Postal Service location, if

26       any, Ronaldo Caluag is working.  Plaintiffs must make said inquiry by calling the USPS Pacific

27       Area Law Office at (415) 550-5300.

28       (3) That the Postal Service will issue to Ronaldo Caluag the attached Exhibit B, along

1   with the attachments included therewith, and distribute the said Exhibit to the distributees

2   indicated thereon. Additionally, should Plaintiffs learn that Ronaldo Caluag has been transferred

3   to another Postal Service location, they may request, through the USPS Pacific Area Law Office

4   at (415) 550-5300, that Exhibit B be distributed to the installation head and each managerial

5   employee with authority over Mr. Caluag at that new location. The Postal Service will so

6   forward Exhibit B.

7       (4) That, within the next three months, the Postal Service will provide Ronaldo Caluag

8   with four (4) hours of in-person, individualized sexual harassment training, which includes

9   disabusing Mr. Caluag of his unfounded belief that the Postal Service "exonerated" him with

10  respect to Plaintiffs' allegations of sexual harassment.

11      (5) That the Postal Service will, for the next four years, provide 30 minutes of semi-

12  annual sexual harassment training to the bargaining-unit employees stationed at the Daly City

13  Post Office at 1100 Sullivan Avenue in Daly City, CA, and Townsend Carrier Annex of the San

14  Francisco Post Office at 550 Townsend Street in San Francisco, CA ("the Locations"). At that

15  training, the Postal Service will hand out a one-page information sheet regarding discrimination,

16  retaliation, and harassment and reporting the same, in the form attached hereto as Exhibit C.

17  Additionally, in connection with each training, the Postal Service will conduct an informal

18  "climate survey" check-in, through which an appropriate Postal Service representative will

19  inquire whether any attendee has experienced sexual harassment and let the attendees know that

20  the representative is available to discuss any such concerns.

21      (6) That, within the next year, the Postal Service will provide each Executive and

22  Administrative Staff ("EAS") and any bargaining-unit employee(s) then currently serving as

23  acting supervisors ("204b supervisors") stationed at the Locations with four (4) hours of in-

24  person sexual harassment training. For the following three years thereafter, the Postal Service

25  will provide EAS and 204b supervisors stationed at the Locations with two (2) hours of in-

26  person sexual harassment training annually.

27      (7) That the Postal Service will provide Plaintiffs' counsel semi-annual updates,

28  beginning six months after the execution of the Settlement Agreement and continuing every six

1    months for a period of four years, regarding its implementation of the foregoing non-monetary
2    terms.

3      2. **Release**. In consideration of the payment of the Settlement Amount and the other terms set
4    forth in this Stipulation and Agreement, Plaintiffs hereby release and forever discharge Defendant, the
5    United States Postal Service, and any and all of their past and present officials, agents, employees,
6    attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities,
7    actions, causes of action, claims and demands of any kind and nature whatsoever, including claims
8    arising under the Age Discrimination in Employment Act, 29 U.S.C. § 633a, whether suspected or
9    unsuspected, at law or in equity, known or unknown, or omitted prior to the date they execute this
10    Agreement, which arise from or relate to Plaintiffs' employment with Defendant, except as stated in
11    Section 6, below.

12      3. **Attorneys' Fees**. Defendant will make a payment to Plaintiffs' counsel of two hundred
13    fifteen thousand dollars ($215,000.00) in full satisfaction of all claims for attorneys' fees and costs
14    arising from work performed by Plaintiffs' counsel at all stages of litigation, including, but not limited
15    to, the pre-processing and processing of Plaintiffs' administrative and district court complaints in
16    connection with the above-captioned action, and any other EEO administrative proceedings which may
17    be currently pending. The $215,000.00 payment will be made by check payable to Legal Aid at Work,
18    and mailed to Julia Parish and Katherine Wutchiett, Legal Aid at Work, 180 Montgomery Street, Suite
19    600, San Francisco, CA 94104.

20      4. **Continuing Jurisdiction**. The Court will have continuing jurisdiction for a period of four
21    years from the Effective Dates of this Agreement to enforce its terms.

22      5. **Dismissal**. In consideration of the payment of the Settlement Amount and the other terms of
23    this Agreement, Plaintiff agrees to execute a Stipulation of Dismissal within seven days of this
24    agreement, a copy of which is attached hereto as Exhibit D. The Stipulation of Dismissal shall dismiss,
25    with prejudice, all claims asserted in this action, or that could have been asserted in this action. The
26    fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed with the
27    Court at the expiration of the period of the Court's retained jurisdiction, as discussed in paragraph 4,
28    above.

6. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by Plaintiffs' attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights Plaintiffs may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning Plaintiffs' claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference. No provision of this Agreement shall serve to waive any right to or eligibility for any retirement benefit. Nothing in this Agreement waives any claims or rights that cannot be waived by law, including Plaintiffs' rights to: (a) file a charge with an administrative agency or participate in any agency investigation or proceeding when waiver of such right is not permitted; (b) file a claim for or seek workers' compensation benefits, and (c) sue to enforce this Stipulation and Agreement. Nothing in this Agreement is intended to affect or in any way limit Phyu Castillo's right to participate and/or cooperate in any investigation or proceeding arising from EEOC Case No. 520-2010-00280X, claim no. M-124466.

7. **No Admission of Liability**. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant, the Postal Service, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in Plaintiffs' complaint in this action.

8. **Tax Liability**. There shall be no withholding from the Settlement Amount. Plaintiffs understand that this payment will be reported to the Internal Revenue Service, and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between Plaintiffs and the relevant tax authorities. If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be

solely responsible for paying any such determined liability from any government agency thereof.
Nothing in this Agreement constitutes an agreement by the United States of America concerning the
characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the
United States Code.

9. **Treasury Offset Program.**  Nothing in this Agreement waives or modifies federal, state, or
local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement
proceeds, and Plaintiff is executing this Agreement without reliance on any representation by Defendant
as to the application of any such law.  Accordingly, the United States may offset against the Settlement
Amount Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff,* 560 U.S. 586
(2010).

10. **Choice of Law and Venue.**  This Agreement is governed by the laws of the United States.
The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States
District Court for the Northern District of California.

11. **Construction.**  Each party hereby stipulates that she has been represented by and has relied
upon independent counsel in the negotiations for the preparation of this Agreement, that she has had the
contents of the Agreement fully explained to her by such counsel, and is fully aware of and understands
all of the terms of the Agreement and the legal consequences thereof, and enters into this Agreement
knowingly and voluntarily.  For purposes of construction, this Agreement shall be deemed to have been
drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that
reason in any subsequent dispute.

12. **Severability.**  If any provision of this Agreement shall be invalid, illegal, or unenforceable,
the validity, legality, and enforceability of the remaining provision shall not in any way be affected or
impaired thereby.

13. **Integration.**  This instrument shall constitute the entire Agreement between the parties, and
it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by
the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.
The parties further acknowledge that no warranties or representations have been made on any subject
other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise

changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. **Authority**. The signatories to this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

15. **Execution in Counterparts**. It is contemplated that this Agreement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

16. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**. Plaintiffs acknowledge that they have up to twenty-one (21) calendar days from the date they receive this Agreement to review and consider this Agreement, discuss it with an attorney of their choice, and decide to sign it or not sign it, although Plaintiffs may accept or return it to Defendant's counsel at any time within those twenty-one (21) days. Plaintiffs are advised to consult Plaintiff's attorney about the Agreement.

17. Once Plaintiffs signs and date this Agreement, Plaintiffs will have seven (7) days in which to revoke acceptance. To revoke, Plaintiffs must send a written statement of revocation, which should be mailed and faxed to: AUSA Wendy M. Garbers, United States Attorney's Office, 450 Golden Gate Ave., San Francisco, CA 94102. Plaintiffs understand that if Plaintiffs revoke, this Agreement shall have no effect. If Plaintiffs do not revoke, this Agreement will become effective on the eighth (8th) day ("the Effective Date") after the date Plaintiffs sign and date this Agreement.

18. **Outstanding Liens for Medical and/or Psychological Treatment.** Plaintiffs are solely responsible for satisfying any and all outstanding liens relating to Plaintiffs' medical treatment arising out of the subject matter of this action. Plaintiffs shall indemnify Defendant from any liability Defendant may incur from any lien claimant arising out of Plaintiffs' failure to satisfy outstanding lien(s).

DATED: 10/30/2019 _____
Plaintiff May Thin Zar

DATED: 10/31/2019 _____
Plaintiff Phyu Castillo

DATED: 10/31/19
_____
Julia Parish
LEGAL AID AT WORK
Plaintiffs' Counsel

DATED: 6/31/19
_____
Wendy E. Musell
STEWART & MUSELL, LLP
Plaintiffs' Counsel

DAVID L. ANDERSON
United States Attorney

DATED: 11/4/19                    By: _____
Wendy M. Garbers
Assistant United States Attorney
Attorney for Defendant

DATED: 11/1/2019
_____
Phil Ingram
Agency Counsel
USPS Pacific Area Law Office

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:   November 8, 2019        _____
HON. MAXINE M. CHESNEY
United States District Judge

# Exhibit A



November 1, 2019

RE: Supervisory Structure for May Thin Zar

To Whom It Concerns:

Please be advised that, pursuant to the resolution of an action in federal court, the Postal Service may not assign Ronaldo Caluag to supervise the employment, conduct, or performance of May Thin Zar, no matter their respective positions.

Should you have any questions about this situation, please contact the Pacific Area Law Office at (415) 550-5300.

Thank you,

David Morrison
Manager (A), Human Resources
San Francisco District

CC: May Thin Zar, City Carrier, Daly City Post Office

EXHIBIT A


**UNITED STATES**
**POSTAL SERVICE**

November 1, 2019

RE: Supervisory Structure for Phyu Castillo

To Whom It Concerns:

Please be advised that, pursuant to the resolution of an action in federal court, the Postal Service may not assign Ronaldo Caluag to supervise the employment, conduct, or performance of Phyu Castillo, no matter their respective positions.

Should you have any questions about this situation, please contact the Pacific Area Law Office at (415) 550-5300.

Thank you,

David Morrison
Manager (A), Human Resources
San Francisco District

CC: Phyu Castillo, Carrier Technician, Daly City Post Office

# Exhibit B



November 1, 2019

Ronaldo Caluag                    *via Hand Delivery*
City Carrier
Townsend Carrier Annex
San Francisco Post Office

RE: Instruction to Stay Away

Mr. Caluag:

This letter notifies you that the instructions in the attached April 9, 2018, letter from Abraham Cooper are indefinite in duration, irrespective of the status of the Civil Harassment Restraining Orders to which the letter refers.

The Postal Service will communicate these instructions to appropriate management officials as necessary to ensure their ongoing enforcement. Failure to adhere to these instructions may result in corrective action, up to and including removal.

Thank you,

David Morrison
Manager (A), Human Resources
San Francisco District

Attachments:   Plaintiffs' Complaint
               Defendant's Answer
               Letter from Abraham Cooper dated April 9, 2018

CC:            Robert DiPaolo, Manager, Labor Relations, San Francisco District
               Abraham Cooper, Postmaster, San Francisco
               Iris Ledesma, Manager, Customer Services, San Francisco-TCA
               Joseph Cheng, Supervisor, Customer Services, San Francisco-TCA
               April Petty, Supervisor, Customer Services, San Francisco-TCA
               Wendy Berni, Supervisor, Customer Services, San Francisco-TCA
               Jo Anne Gallow, Supervisor, Customer Services, San Francisco-TCA
               Harley Palaganas, Supervisor, Customer Services, San Francisco-TCA
               Rebecca Inshaw, Supervisor, Customer Services, San Francisco-TCA
               May Thin Zar, City Carrier, Daly City Post Office
               Phyu Castillo, Carrier Technician, Daly City Post Office
               Ophelia Sosa, National Association of Letter Carriers

EXHIBIT B

1  Julia Parish (SBN 279065)
   E-Mail: jparish@legalaidatwork.org
2  Katherine Wutchiett (SBN 308240)
   E-Mail: kwutchiett@legalaidatwork.org
3  **LEGAL AID AT WORK**
   180 Montgomery Street, Suite 600
4  San Francisco, CA 94104
   Tel: (415) 864-8848
5  Fax: (415) 593-0096

6  Wendy E. Musell (SBN 203507)
   E-Mail: wmusell@stewartandmusell.com
7  **STEWART & MUSELL, LLP**
   2200 Powell St., Ste. 440
8  Emeryville, CA 94608
   Tel: (415) 593-0083
9  Fax: (415) 520-0920

10 Attorneys for Plaintiffs
   May Thin Zar
11 Phyu Castillo

12

13                **UNITED STATES DISTRICT COURT**

14         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

15 MAY THIN ZAR and PHYU CASTILLO,     )   Case No. 19-cv-250
                                       )   **PLAINTIFFS' COMPLAINT FOR**
16    Plaintiffs,                      )   **DAMAGES AND DECLARATORY**
                                       )   **AND INJUNCTIVE RELIEF**
17         v.                          )
                                       )   1.  Discrimination and Harassment
18                                     )       based on sex – Title VII
   MEGAN J. BRENNAN, POSTMASTER        )       (42 U.S.C. § 2000e, et seq.);
19 GENERAL OF THE UNITED STATES        )   2.  Retaliation – Title VII
   POSTAL SERVICE,                     )       42 U.S.C. § 2000e, et seq.);
20                                     )
       Defendant.                      )
21                                     )
                                       )   **DEMAND FOR JURY TRIAL**
22                                     )
                                       )
23                                     )
                                       )
24                                     )

25

26

27

28
                                           Case No. 19-cv-250

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                    EXHIBIT B

1    Plaintiffs May Thin Zar and Phyu Castillo allege as follows:

2                                   **INTRODUCTION**

3          1.      Plaintiffs May Thin Zar and Phyu Castillo ("Plaintiffs" or "Ms. Thin Zar" and

4    "Ms. Castillo"), are employees of the United States Postal Service ("Defendant" or "U.S.P.S") in

5    Daly City, California. They bring this Title VII action for sexual harassment and sex

6    discrimination perpetrated by their supervisor and co-employee, Ronald Caluag. Mr. Caluag's

7    harassing conduct included restraining Plaintiffs against their will; engaging in unwelcomed

8    offensive touching, grabbing, and kissing; and making unwelcomed lewd, sexual, and aggressive

9    comments. This sexually harassing conduct was both severe and pervasive and created a hostile

10   work environment for Plaintiffs. Although aware of Mr. Caluag's conduct, the U.S.P.S failed to

11   adequately protect Plaintiffs. Plaintiffs also bring a claim for retaliation.

12         2.      Plaintiffs seek an injunction that prohibits the U.S.P.S. from assigning Mr. Caluag

13   to any facility at which the Plaintiffs are working and that requires the U.S.P.S. to take all steps

14   necessary to protect Plaintiffs and other female employees from sexual harassment and

15   discrimination by Mr. Caluag. Plaintiffs also seek an award of compensatory damages for pain

16   and suffering, reasonable attorneys' fees, and costs.

17                            **JURISDICTION AND VENUE**

18         3.      This court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331,

19   1343(a)(4). This action arises under federal law: Title VII of the Civil Rights Act of 1964, 42

20   U.S.C. § 2000e, *et seq.*.

21         4.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. §

22   1391(e), because the unlawful practices alleged in this complaint occurred in the Northern

23   District of California.

24                          **INTRADISTRICT ASSIGNMENT**

25         5.      Assignment of this action to the San Francisco Division of this Court is proper

26   pursuant to Local Rule 3-2(c) and (d) because the events giving rise to this action occurred in

27   San Mateo County, California.

28

                                                              Case No. 19-cv-250
**PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL**                            EXHIBIT B

1

**PARTIES**

2
3

6.      Plaintiff May Thin Zar is, and at all relevant times was, a resident of the Northern District of California and employed by Defendant U.S.P.S. at its Post Office in Daly City.

4
5

7.      Plaintiff Phyu Castillo is, and at all relevant times was, a resident of the Northern District of California and employed by Defendant U.S.P.S. at its Post Office in Daly City.

6
7
8

8.      Defendant Megan J. Brennan is Postmaster General of the U.S.P.S. and is therefore head of the relevant executive agency. Accordingly, Ms. Brennan is named as defendant in this action pursuant to 28 U.S.C. § 2000e-16(c). Defendant is sued in her official capacity only.

9

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

10
11
12
13
14

9.      Plaintiff May Thin Zar filed an informal EEO complaint on December 8, 2017, followed by a formal EEO complaint on approximately March 20, 2018. In mid-April, Ms. Thin Zar responded to the Acceptance for Investigation, requesting that the EEO investigate all complaints alleged in her complaint. The EEO investigated and issued its final agency decision on November 13, 2018.

15
16
17
18

10.     Plaintiff Phyu Castillo filed an informal EEO complaint on approximately January 9, 2018, which she amended on or about February 28, 2018, followed by a formal EEO complaint on approximately April 4, 2018. The EEO investigated and issued its final agency decision on October 18, 2018.

19
20

11.     Plaintiffs have fully exhausted their administrative remedies and are entitled to file in the district court.

21

**FACTS**

22

**May Thin Zar**

23
24
25

12.      Ms. Thin Zar is female. She began working for the U.S.P.S. at its Daly City location in September 2016 and continues to be employed there. Her primary job duties include preparing and delivering mail.

26
27
28

13.     Soon after beginning her employment, Ms. Thin Zar noticed that Mr. Caluag watched her and tried to stay in close proximity to her. Shortly thereafter, almost every shift that he supervised Ms. Thin Zar, approximately once weekly, Mr. Caluag started telling her that he liked

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                        EXHIBIT B

and loved her and wanted to go on a date with her. Ms. Thin Zar would tell Mr. Caluag that she was married, that she was not interested in him, and that she did not want a relationship with him. Ms. Thin Zar worried about being alone with Mr. Caluag and asked a coworker to stay with her at the end of their shift. On at least one occasion, Mr. Caluag asked the coworker to leave, so that he could drive Ms. Thin Zar home alone.

14.     In early to mid-2017, the coworker that stayed with Ms. Thin Zar transferred to another office. Mr. Caluag began touching, sniffing, smelling, and kissing Ms. Thin Zar's hair and attempting to kiss her cheek during almost every shift that he supervised her. This was frightening and offensive to Ms. Thin Zar.  Because of Mr. Caluag's conduct, Ms. Thin Zar asked other coworkers to wait for her at the end of their shift and leave with her. She told some of these coworkers that the reason for her request was that she did not want to be alone with Mr. Caluag, because he would try to touch or kiss her.

15.     In around June 2017, Mr. Caluag asked Ms. Thin Zar to help him with a task in a private office. Because Mr. Caluag was Ms. Thin Zar's supervisor, she said yes. Once they were inside the office, he closed the door, restrained her, and kissed her. Ms. Thin Zar was terrified. She turned her head so that he could only kiss her cheek, yelled, struggled to get away, broke free, and ran out of the room.

16.     Mr. Caluag started asking Ms. Thin Zar to go into private offices with him almost every shift that he supervised her, approximately once weekly. On one occasion, soon after the June attack, Mr. Caluag grabbed Ms. Thin Zar's wrist and tried to drag her back into a private office. Ms. Thin Zar yelled and struggled free, but injured her wrist in the process.

17.     On or about October 29, 2017, Mr. Caluag waited for Ms. Thin Zar near the exit at the end of her shift. Ms. Thin Zar told Mr. Caluag that she wanted to go home, but Mr. Caluag came toward Ms. Thin Zar and grabbed her, wrapping his arms around her, kissing her aggressively with his tongue, causing her to fall down, and then falling on top of her. Through the entire incident, Ms. Thin Zar struggled to get away. Eventually, she escaped and left. Ms. Thin Zar reported this incident to her supervisor on or about the next day. She was afraid for her job, but believed that if

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                    EXHIBIT B

1  she did not do something, the sexual attacks against her would continue to escalate and Mr. Caluag

2  would rape her.

3     18.  After Ms. Thin Zar reported what had happened and her fear that Mr. Caluag would

4  attack her, she continued to be required to work with him. Mr. Caluag would glare at her when he

5  saw her around the office and laugh. This was frightening to Ms. Thin Zar and demonstrated that

6  Mr. Caluag did not take her complaints seriously and that he was untouchable. Ms. Thin Zar is

7  informed and believes that Mr. Caluag told her coworkers that she would be fired for reporting him.

8  During the investigation of her complaint, management warned Ms. Thin Zar to "be careful"

9  because Mr. Caluag had complained about her. Ms. Thin Zar continued working, afraid both for her

10  safety and her job.

11     19.  The trauma of the attacks and subsequent fear for her safety have caused Ms. Thin

12  Zar to experience severe distress, for which she has sought medical care. Ms. Thin Zar felt

13  humiliated and degraded by the sexual attacks and worries how they will impact how she is viewed

14  in her community. Ms. Thin Zar continues to fear that Mr. Caluag will attack her while she is

15  delivering the mail.

16  **Phyu Castillo**

17     20.  Ms. Castillo began working for the U.S.P.S. around 2001. By 2003, she transferred

18  to the Daly City Post Office. Her primary job duties include preparing and delivering mail.

19     21.  At the Daly City Post Office, Ms. Castillo worked with Mr. Caluag. When Mr.

20  Caluag and Ms. Castillo were alone together, Mr. Caluag would leer at Ms. Castillo's breasts and

21  make salacious comments like, "mmmmm," or "I want some of this," on about a weekly basis.

22     22.  This continued through 2009, when Mr. Caluag's behavior escalated. He began

23  touching Ms. Castillo and suggesting that they perform sexual acts together. Often, he would grab

24  her hand and try to drag her into a bathroom or private space.

25     23.  In or around 2016, Mr. Caluag became a supervisor. He became yet more

26  aggressive, frequently commenting on Ms. Castillo's breasts and asking her for kisses.

27     24.  In or around September 2017, Ms. Castillo approached Mr. Caluag to ask him about

28  a union matter. In response, Mr. Caluag suggested that they go downstairs to smoke. When Ms.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL   **EXHIBIT B**

Castillo and Mr. Caluag got down the stairs and were isolated, Mr. Caluag grabbed her, pressed his erect penis against her body, held her, and tried to kiss her. Ms. Castillo struggled free, repeating, "No!" and escaped to the parking lot. At the time, Ms. Castillo was afraid to report Mr. Caluag, because he was a supervisor and had held positions of power at work and in the union. Mr. Caluag's abusive sexual behavior was open and notorious in the workplace for years and it appeared that U.S.P.S. took no effective actions to prevent or end it.

25.     In November of 2017, Ms. Castillo learned that Mr. Caluag had assaulted her coworker, Ms. Thin Zar. Ms. Castillo was terrified for her own safety and that of her coworkers. Ms. Castillo reported what had happened to her to the Postmaster and explained that she did not feel safe at work.

26.     Ms. Castillo continued to be required work shifts which could overlap with Mr. Caluag's. When he saw her, Mr. Caluag glared or stared at Ms. Castillo. Ms. Castillo learned that Mr. Caluag had told other U.S.P.S. employees and supervisors that he felt sorry for Ms. Castillo and that Ms. Castillo had only reported him to get out of having to work. There appeared to be no consequences for this retaliatory conduct. Ms. Castillo felt afraid for her safety and reported Mr. Caluag's statements to the Postmaster Charles Bolton.

27.     The trauma of the attacks and subsequent fear for her safety have caused Ms. Castillo to experience severe distress, for which she has sought medical care. Ms. Castillo felt humiliated and degraded by the attack. Ms. Castillo continues to fear that Mr. Caluag will attack her while she is delivering the mail.

28.     Upon information and belief, Mr. Caluag has sexually assaulted and harassed other female U.S.P.S. employees. Despite multiple women, including Plaintiffs, coming forward at great risk to themselves and describing the sexual attacks against them, the U.S.P.S. has refused to take prompt or effective action, brushing off the sexual assaults, requiring Plaintiffs to work with Mr. Caluag, and refusing to take adequate actions to address the harassment and discrimination against Plaintiffs. The U.S.P.S. keeps Mr. Caluag working in positions of actual or perceived authority where he has access to women he can exploit and abuse in the workplace.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                              EXHIBIT B

**FIRST CLAIM FOR RELIEF**
**Sexual Harassment and Sex Discrimination**
**(Title VII, 42 U.S.C. §§ 2000e, et. seq.)**
**[On Behalf of Both Plaintiffs]**

29.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as though fully stated here.

30.     Title VII prohibits Defendant U.S.P.S. from discriminating against any employee on the basis of sex. Discrimination on the basis of sex includes sexual harassment.

31.     In perpetrating the above-described acts and omissions, Defendant, its agents, servants, and/or employees, engaged in unlawful sexual harassment and discrimination in violation of Title VII.

32.     Defendant, its agents, and employees engaged in targeted harassment against Plaintiffs because of their sex. Defendant subjected Plaintiffs to unwelcome sexual comments and sexual attacks and acts that were terrifying, humiliating, harmful, and degrading. Mr. Caluag's sexual harassment caused Plaintiffs pain, stress, and anxiety. Plaintiffs obtained medical care for these conditions. The above-mentioned unwelcomed acts were severe or pervasive and created a hostile work environment for Plaintiffs.

33.     Plaintiffs perceived the working environment to be abusive or hostile, which caused Plaintiffs sufficient stress and anxiety to require medical care.

34.     Because Mr. Caluag acted as Plaintiffs' supervisor, U.S.P.S. is strictly liable for Mr. Caluag's sexual harassment of Plaintiffs.

35.     Additionally, U.S.P.S. knew or should have known of Mr. Caluag's sexual harassment and the resulting hostile work environment, but nevertheless failed to take prompt and effective remedial action. Accordingly, U.S.P.S. is liable for Mr. Caluag's sexual harassment even if he was not acting as a supervisor. Plaintiffs were harmed because of the foregoing described conduct of Defendant, which was a substantial factor in causing Plaintiffs harm.

36.     As a direct and proximate result of the actions alleged herein, Plaintiffs have and will suffer damages including, but not limited to pain, suffering, humiliation, shame, anxiety,

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                    EXHIBIT B

1  embarrassment, mortification, hurt feelings, physical harm, and emotional distress, all in an

2  amount to be proven at trial.

3      37.    Plaintiffs are entitled to statutory attorneys' fees and costs, and other appropriate

4  relief as determined by this court.

5               **SECOND CLAIM FOR RELIEF**
                       **Retaliation**
6          **(Title VII, 42 U.S.C. §§ 2000e, et seq.)**
7            **[On Behalf of Both Plaintiffs]**

8      38.    Plaintiffs incorporate by reference each and every allegation contained in the

9  preceding paragraphs as though fully stated here.

10     39.    Title VII prohibits Defendant from retaliating against any employee because she

11  engaged in a protected activity. Resisting and/or complaining of sexual harassment is a protected

12  activity under Title VII.

13     40.    Defendant and its agents, servants, and/or employees, engaged in unlawful

14  retaliation in violation of Title VII.

15     41.    Plaintiffs engaged in protected activity by resisting and complaining of sexual

16  harassment and requesting to be protected from Mr. Caluag.

17     42.    Defendant, its agents, and/or employees retaliated against Plaintiffs on the basis

18  of their protected activity, and took material and adverse employment actions against them,

19  including by creating and permitting a hostile work environment and requiring Plaintiffs to

20  continue to work with Mr. Caluag even after they described sexual attacks against them that rise

21  to the level of sexual assault and explained their fears of further attacks. U.S.P.S. led Plaintiffs to

22  believe that Mr. Caluag was untouchable, and that they would never be able to safely work

23  again. Mr. Caluag was permitted to spread gossip after Plaintiffs complained of harassment

24  which caused Plaintiff Thin Zar to fear for her job and humiliated Ms. Castillo. Defendant failed

25  to take effective remedial action such that the Defendant's action would deter a

26  reasonable employee in the same situation from making a complaint.

27     43.    As a direct and proximate result of the actions alleged herein, Plaintiffs have and

28  will suffer damages including, but not limited to, pain, suffering, humiliation, shame, anxiety,

1    embarrassment, mortification, hurt feelings, physical harm, and emotional distress, all in an

2    amount to be proven at trial.

3        44.    Plaintiffs are entitled to statutory attorneys' fees and costs, and other appropriate

4    relief as determined by this court.

5                              **INJUNCTIVE RELIEF**

6        45.    Plaintiffs incorporate by reference each and every allegation contained in the

7    preceding paragraphs as though fully stated here.

8        46.    Plaintiffs seek an injunction that prohibits the U.S.P.S. from assigning Mr. Caluag

9    to any facility at which Plaintiffs are working, and that requires the U.S.P.S. to take all steps

10   necessary to protect Plaintiffs and other female employees from sexual harassment and

11   discrimination by Mr. Caluag.

12       47.    Plaintiffs seek effective training that addresses sexual assault, sexual harassment,

13   sexual discrimination, and retaliation in the workplace.

14       48.    No previous application for injunctive relief sought herein has been made to this

15   Court.

16       49.    If this Court does not grant the injunctive relief sought herein, Plaintiffs will be

17   irreparably harmed.

18       50.    No plain, adequate, or complete remedy at law is available to Plaintiffs to redress

19   the wrongs addressed herein.

20                             **DECLARATORY RELIEF**

21       51.    Plaintiffs incorporate by reference each and every allegation contained in the

22   preceding paragraphs as though fully stated here.

23       52.    An actual controversy has arisen and now exists relating to the rights and duties of

24   the parties herein in that Plaintiffs contend that Defendant violated their rights not to be

25   subjected to sexual harassment and retaliation. On information and belief, Defendant denies

26   these allegations. Declaratory relief is therefore necessary and appropriate.

27       53.    Plaintiffs seek a judicial declaration of the rights and duties of the respective

28   parties.

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                    EXHIBIT B

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

1. For declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII;

2. For injunctive relief, including but not limited to appropriate discipline and prevention of Mr. Caluag from working with Plaintiffs at the Daly City USPS office and requiring institutional adherence to reasonable sex harassment policies consistent with Title VII;

3. For compensation denied or lost to Plaintiffs by reason of the unlawful acts alleged herein, in an amount to be proven at trial;

4. For payment of compensatory damages for Plaintiffs' emotional pain and suffering, in an amount to be proven at trial;

5. For Plaintiffs' attorneys' fees and costs;

6. For payment of interest at the legal rate on such damages as appropriate, including pre- and post- judgment interest; and

7. For any further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, hereby demand a trial by jury of each and every cause of action so triable.

DATED: January 14, 2019

By: _____
        Katherine Wutchiett

*Attorneys for Plaintiffs*
*May Thin Zar & Phyu Castillo*

LEGAL AID AT WORK
Julia Parish
Katherine Wutchiett

STEWART & MUSELL
Wendy Musell

PLAINTIFFS' COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE
RELIEF AND DEMAND FOR JURY TRIAL                    EXHIBIT B

1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  WENDY M. GARBERS (CABN 213208)
   Assistant United States Attorney
4
5       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
        Telephone: (415) 436-6475
6       FAX: (415) 436-7234
        wendy.garbers@usdoj.gov
7
   Attorneys for Defendant
8  POSTMASTER GENERAL

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12
   MAY THIN ZAR and PHYU CASTILLO;          Case No. 19-250-MMC
13
          Plaintiffs,                        **DEFENDANT'S ANSWER TO PLAINTIFFS'**
14                                           **COMPLAINT**
      v.
15                                           DEMAND FOR JURY TRIAL
   MEGAN J. BRENNAN, POSTMASTER
16 GENERAL OF THE UNITED STATES
   POSTAL SERVICE;
17
          Defendant.
18

19                          **<u>ANSWER</u>**

20       The Postmaster General hereby responds to Plaintiffs' Complaint for Damages and Declaratory

21 and Injunctive Relief ("Complaint") as follows:

22       1.      Defendant admits that Plaintiffs are employees of the United States Postal Service

23 ("USPS"), stationed in Daly City, California.  Defendant admits that Plaintiffs purport to bring this

24 employment discrimination action under Title VII, but denies that their claims have merit.  Except as

25 expressly admitted, Defendant denies the allegations in Paragraph 1.

26       2.      Defendant admits that Plaintiffs seek damages, injunctive relief and attorneys' fees, but

27 denies that any such relief is appropriate.  Except as expressly admitted, Defendant denies the

28 allegations in Paragraph 2.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

EXHIBIT B

3.     Defendant admits that this Court has federal question jurisdiction over this matter.

4.     Defendant admits that this matter is properly venued in the Northern District of California.

5.     Defendants admits that assignment of this action to the San Francisco Division is proper under Local Rule 3-2(d).

6.     Defendant admits that Plaintiff May Thin Zar is employed by the USPS at Daly City. Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 6 and, on that basis, denies them.

7.     Defendant admits that Plaintiff Phyu Castillo is employed by the USPS at Daly City. Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 7 and, on that basis, denies them.

8.     Defendant admits that the Postmaster General is the proper defendant in this employment action, in her official capacity.

9.     Defendant denies that Plaintiff Zar filed an informal EEO complaint on December 8, 2017.  Defendant admits that Plaintiff Zar submitted a formal EEO complaint on approximately March 20, 2018.  Defendant admits that it investigated Plaintiff Zar's formal EEO complaint and, at her request, issued its Final Agency Decision, dated November 13, 2018.  Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 9 and, on that basis, denies them.

10.    Defendant denies that Plaintiff Castillo filed an informal EEO complaint on January 9, 2018.  Defendant admits that Plaintiff Castillo submitted a document titled Amended Charge of Discrimination, which was dated February 27, 2018.  Defendant admits that Plaintiff Castillo submitted a formal complaint of discrimination on approximately April 4, 2018.  Defendant admits that it investigated Plaintiff Castillo's formal EEO complaint and, at her request, issued its Final Agency Decision, dated October 18, 2018.

11.    Defendant denies that Plaintiff Castillo has exhausted her administrative remedies related to conduct that occurred more than 45 days before she contacted an EEO counselor on or about January 9, 2018, as such contact was untimely.

1    12.    Defendant admits the allegations in Paragraph 12.

2    13.    Defendant admits that, beginning in or around March 2017, Mr. Caluag made romantic

3  overtures towards Plaintiff Zar—conduct which caused Defendant to issue him a Notice of Removal.

4  Defendant denies that Mr. Caluag was a "supervisor" within the meaning of federal law.  Defendant is

5  without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 13 and, on

6  that basis, denies them.

7    14.    Defendant admits that, beginning in or around March 2017, Mr. Caluag made romantic

8  overtures towards Plaintiff Zar—conduct which caused Defendant to issue him a Notice of Removal.

9  Defendant denies that Mr. Caluag was a "supervisor" within the meaning of federal law.  Defendant is

10  without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 14 and, on

11  that basis, denies them.

12    15.    Defendant admits that sometime between April and June 2017, Mr. Caluag called Plaintiff

13  Zar into an office, wherein he attempted to hug and kiss her without her consent—an offense for which

14  Defendant issued him a Notice of Removal.  Defendant denies that Mr. Caluag was a "supervisor" within the

15  meaning of federal law.  Defendant is without sufficient knowledge to admit or deny the remainder of the

16  allegations in Paragraph 15 and, on that basis, denies them.

17    16.    Defendant admits that in or around the beginning of October 2017, Mr. Caluag grabbed

18  Plaintiff Zar's wrist to stop her from leaving his presence after she told him not to touch her—an offense for

19  which Defendant issued him a Notice of Removal.  Defendant denies that Mr. Caluag was a "supervisor"

20  within the meaning of federal law.  Defendant is without sufficient knowledge to admit or deny the

21  remainder of the allegations in Paragraph 16 and, on that basis, denies them.

22    17.    Defendant admits that on or about October 29, 2017, Mr. Caluag attempted to kiss, or did

23  kiss, Plaintiff Zar without her consent—an offense for which Defendant issued him a Notice of Removal.

24  Defendant denies that Mr. Caluag was a "supervisor" within the meaning of federal law.  Defendant denies

25  that Plaintiff Zar reported this incident to her supervisor the next day.  Defendant is without sufficient

26  knowledge to admit or deny the remainder of the allegations in Paragraph 17 and, on that basis, denies

27  them.

28    18.    Defendant admits that, immediately following her report, Plaintiff Zar and Mr. Caluag

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

EXHIBIT B
5

1  remained employed with the USPS at the same facility.  However, Defendant immediately instruct Mr.

2  Caluag not to have contact with Plaintiff Zar.  Defendant denies that Mr. Caluag was "untouchable"—as

3  soon as Plaintiff Zar complained about him, the USPS investigated, issued a Noticed of Removal, and

4  permanently transferred him to another facility.  Defendant is without sufficient knowledge to admit or

5  deny the remainder of the allegations in Paragraph 18 and, on that basis, denies them.

6      19.    Defendant denies that there is any evidence to suggest that Mr. Caluag will attack

7  Plaintiff Zar while she is delivering mail and notes that he has been transferred to a different facility and

8  that the USPS has instructed him to obey the restraining order Plaintiff Zar obtained from San Mateo

9  Superior Court on pain of corrective action, up to and including his removal from employment.

10  Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in

11  Paragraph 19 and, on that basis, denies them.

12     20.    Defendant admits the allegations in Paragraph 20.

13     21.    Defendant admits that Mr. Caluag was also employed at the Daly City Post Office.

14  Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in

15  Paragraph 21 and, on that basis, denies them.

16     22.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph

17  22 and, on that basis, denies them.

18     23.    Defendant denies that Mr. Caluag was a "supervisor" within the meaning of federal law.

19  Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in

20  Paragraph 23 and, on that basis, denies them.

21     24.    Defendant denies that Mr. Caluag was a "supervisor" within the meaning of federal law.

22  Defendant further denies that anyone can be both a "supervisor" and hold a position of power within a

23  collective bargaining unit, as "supervisors" cannot even be members of a bargaining unit under the National

24  Labor Relations Act.  Defendant denies that Mr. Caluag engaged in "abusive sexual behavior" that was

25  "open and notorious in the workplace for years."  Defendant denies that the USPS failed to take effective

26  actions to prevent or end any unlawful conduct of which it was aware.  Defendant admits that, in September

27  2017, Mr. Caluag grabbed Plaintiff Castillo by the shoulders, pulled her close to him, and attempted to kiss

28  her on the mouth without her consent—an offense for which Defendant issued him a Notice of Removal.

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

1  Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in

2  Paragraph 24 and, on that basis, denies them.

3      25.     Defendant admits that, at the end of November 2017, while the USPS was investigating

4  Plaintiff Zar's complaints, Plaintiff Castillo submitted a written statement accusing Mr. Caluag of sexual

5  misconduct.  Defendant is without sufficient knowledge to admit or deny the remainder of the

6  allegations in Paragraph 25 and, on that basis, denies them.

7      26.     Defendant admits that after Plaintiff Castillo complained about Mr. Caluag, they both

8  continued to be employed by the USPS and to work in the Daly City Post Office.  Defendant admits that

9  Plaintiff Castillo informed Officer-in-Charge Charles Bolton that she believed Mr. Caluag was gossiping

10 about the complaints against him and that Mr. Caluag looked at her.  Defendant denies that the USPS

11 failed to take action based on these allegations.  After learning of the complaints, the USPS investigated,

12 issued a Noticed of Removal, and permanently transferred Mr. Caluag to another facility.  Defendant is

13 without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 26 and, on

14 that basis, denies them.

15     27.     Defendant denies that there is any evidence to suggest that Mr. Caluag will attack

16 Plaintiff Castillo while she is delivering mail and notes that he has been transferred to a different facility

17 and that the USPS has instructed him to obey the restraining order Plaintiff Castillo obtained from San

18 Mateo Superior Court on pain of corrective action, up to and including his removal from employment.

19 Defendant is without sufficient knowledge to admit or deny the remainder of the allegations in

20 Paragraph 27 and, on that basis, denies them.

21     28.     Defendant lacks any information to suggest that Mr. Caluag has sexually assaulted or

22 harassed other employees and, on that basis, denies said allegation.  Defendant denies that the USPS

23 failed to take prompt or effective action in response to any complaints it received regarding Mr. Caluag.

24 Defendant denies that the USPS "brushed off the sexual assaults."  Defendant admits that Mr. Caluag

25 continued to be employed at the Daly City Post Office until January 2018, but denies that either Plaintiff

26 was required to work with him after her complaints.  Indeed, the USPS instructed Mr. Caluag to stay

27 away from Plaintiffs.  Defendant denies that the USPS has refused to take adequate actions to address

28 harassment and discrimination against either Plaintiff, or any other employee.  Defendant denies that

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

EXHIBIT B

5

1   Mr. Caluag currently works in positions of actual or perceived authority.  Defendant denies that Mr.

2   Caluag was ever a "supervisor" within the meaning of federal law.  Except as expressly admitted, Defendant

3   denies the allegations in Paragraph 28.

4        29.    Defendant incorporates by reference its response to each allegation set forth above as if

5   fully set forth herein.

6        30.    Paragraph 30 consists solely of legal conclusions regarding the requirements of Title VII,

7   to which no response is required.

8        31.    Defendant denies the allegations in Paragraph 31.

9        32.    Defendant admits that Mr. Caluag's behavior, as cited in its Notice of Removal, was

10  contrary to Defendant's policies and requirements for employees.  Defendant lacks sufficient

11  information to admit or deny the allegations regarding Plaintiffs' state of mind and medical care and, on

12  that basis, denies them.  Defendant otherwise denies the allegations in Paragraph 32.

13       33.    Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph

14  33 and, on that basis, denies them.

15       34.    Defendant admits that Mr. Caluag had limited power to direct Plaintiffs' work tasks one

16  day a week at certain times relevant to their Complaint.  However, Defendant denies that Mr. Caluag

17  was ever a "supervisor" within the meaning of federal law.  Except as expressly admitted, Defendant

18  denies the allegations in Paragraph 34.

19       35.    Defendant denies the allegations in Paragraph 35.

20       36.    Defendant denies the allegations in Paragraph 36.

21       37.    Defendant denies the allegations in Paragraph 37.

22       38.    Defendant incorporates by reference its response to each allegation set forth above as if

23  fully set forth herein.

24       39.    Paragraph 39 consists solely of legal conclusions regarding the requirements of Title VII,

25  to which no response is required.

26       40.    Defendant denies the allegations in Paragraph 40.

27       41.    Defendant admits that opposing discrimination on the basis sex and complaining about it

28  are protected activities under Title VII.  Except as expressly admitted, Defendant denies the allegations

in Paragraph 41.

42.     Defendant denies the allegations in Paragraph 42.

43.     Defendant denies the allegations in Paragraph 43.

44.     Defendant denies the allegations in Paragraph 44.

45.     Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

46.     Defendant admits that Plaintiffs seek injunctive relief, but denies that any such relief is appropriate.  Except as expressly admitted, Defendant denies the allegations in Paragraph 46.

47.     Defendant admits that Plaintiffs seek injunctive relief, but deny that any such relief is appropriate.  Except as expressly admitted, Defendant denies the allegations in Paragraph 47.

48.     Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 48 and, on that basis, denies them.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

52.     Defendant admits that Plaintiffs seek declaratory relief, but denies that any such relief is appropriate.  Except as expressly admitted, Defendant denies the allegations in Paragraph 52.

53.     Defendant admits that Plaintiffs seek declaratory relief, but denies that any such relief is appropriate.  Except as expressly admitted, Defendant denies the allegations in Paragraph 53.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **(Prompt Corrective Action)**

1.     Plaintiffs' claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any allegedly discriminatory, harassing, or retaliatory behavior.

### **SECONDAFFIRMATIVE DEFENSE**
### **(Effective Administrative Process—*Ellerth/Faragher*)**

2.     Defendant maintains and effective administrative process for preventing and correcting

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

EXHIBIT B

1    any improper, retaliatory, discriminatory and harassing conduct and Plaintiffs unreasonably failed to

2    avail themselves of these opportunities to protect themselves from any allegedly improper conduct.

3

4                              **THIRD AFFIRMATIVE DEFENSE**
                                   **(Failure to Mitigate)**

5         3.      To the extent that Plaintiffs have failed to mitigate their damages, their recovery is

6    limited accordingly.

7

8                            **FOURTH AFFIRMATIVE DEFENSE**
                         **(Exhaustion of Administrative Remedies)**

9         4.      To the extent that Plaintiffs allege or assert matters not contained in a legally sufficient and

10   timely administrative claim, such claims are barred by the exhaustion of administrative remedies doctrine.

11   For example, Plaintiff Castillo's claims based on conduct that occurred more than 45 days before she

12   contacted an EEO counselor on or about January 9, 2018, are barred.

13

14                             **FIFTH AFFIRMATIVE DEFENSE**
                                     **(Mixed Motive)**

15        5.      To the extent that Plaintiffs demonstrates that a discriminatory or retaliatory motive

16   played a part in the challenged actions, which Defendant denies, Defendant asserts that the same actions

17   would have been taken absent the discriminatory or retaliatory motive.

18

19                             **SIXTH AFFIRMATIVE DEFENSE**
                                     **(Lack of Agency)**

20        6.      To the extent that Plaintiffs demonstrates that employees of Defendant committed

21   unlawful acts, as alleged in the Complaint, which Defendant does not concede, Defendant asserts that

22   such unlawful acts were committed outside the scope of employment and not by agents of Defendant.

23

24        The Postmaster General reserves the right to assert additional affirmative defenses as discovery

25   develops and warrants.

26

27

28

EXHIBIT B

1

## **PRAYER FOR RELIEF**

2     WHEREFORE, the Postmaster General prays that:

3     1.    Plaintiffs takes nothing by their Complaint;

4     2.    The Postmaster General has judgment against Plaintiffs;

5     3.    The Postmaster General be awarded her costs of suit; and

6     4.    For such other and further relief as the Court may deem proper.

7

8

## **DEMAND FOR JURY TRIAL**

9     Defendant hereby demands trial by jury.

10

11   DATED:  March 18, 2019                    Respectfully submitted,

12                                             DAVID L. ANDERSON
                                               United States Attorney
13
                                                /s/ *Wendy M. Garbers*
14                                             WENDY M. GARBERS
                                               Assistant United States Attorney
15                                             Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT
No. 19-250-MMC

EXHIBIT B


April 9, 2018

Ronald Caluag

Subject: Letter of Instruction

Mr. Caluag:

The Postal Service has learned that May Thin Zar has obtained a Civil Harassment Restraining Order prohibiting you to be within 100 yards of her until April 2, 2020, including while either of you may be at work. The Postal Service has similarly learned that Phyu Castillo has also obtained a Civil Harassment Restraining Order prohibiting you to be within 100 yards of her until April 2, 2020, including while either of you may be at work. Therefore, to avoid further conflict between you and these employees, the Postal Service is issuing you the following instructions.

Effective immediately, and except as otherwise permitted by the National Labor Relations Act, you are hereby instructed as follows:

    1.  You are to stay away from and avoid May Thin Zar any time you are on Postal Service property or conducting Postal Service business. This means you have the obligation to leave any area where May Thin Zar is.

    2.  You are to stay away from and avoid Phyu Castillo any time you are on Postal Service property or conducting Postal Service business. This means you have the obligation to leave any area where Phyu Castillo is.

    3.  You are not to visit the Daly City Post Office under any circumstances unless you are legally entitled to do so in your capacity as a Postal Service customer. If you have cause to go to the Daly City Post Office as a customer, you are to avoid any contact with Phyu Castillo and May Thin Zar, to complete your business expeditiously, and to exit the property immediately upon completion. For clarity, as a customer, you are not entitled to be in any area restricted to employees only.

    4.  You are not to contact May Thin Zar on- or off-duty in person or via text, telephone call, personal message, or via any other means. You are also not to have someone else contact her on your behalf.

    5.  You are not to contact Phyu Castillo on- or off-duty in person or via text, telephone call, personal message, or via any other means. You are also not to have someone else contact her on your behalf.

EXHIBIT B

6. You are to conduct yourself in an appropriate manner as required by Postal Service policies. These requirements include, but are not limited to:

    a. treating your coworkers respectfully;
    b. not harassing anyone, at any level, in any way;
    c. not making sexual, romantic, or otherwise inappropriate comments or jokes to your coworkers;
    d. not using any language of a sexual nature;
    e. not threatening anyone; and
    f. obeying the terms of the Civil Harassment Restraining Orders the San Mateo Superior Court filed against you on April 3, 2018.

Employee & Labor Relations Manual ("ELM") Section 665.24 prohibits bullying and harassment of any kind. Further, ELM Section 665.16 requires that employees conduct themselves in a way that reflects favorably on the Postal Service, especially during working hours. These policies unequivocally prohibit the conduct described in the allegations the Postal Service has received against you regarding these two employees and those which formed the basis of the Civil Harassment Restraining Orders filed against you. Should management determine after investigation that you have engaged in any such behaviors in the future, or that you have taken any steps to undermine the Civil Harassment Restraining Orders other than properly challenging them through applicable legal process, you will be subject to corrective action, up to and including removal.

Please note that ELM Section 665.15 requires your adherence to the instructions contained in this Letter. If the Postal Service determines after investigation that you have violated any instruction in this Letter, you may be subject to whatever corrective action is appropriate pursuant to Postal Service policies, collective bargaining agreements, and other applicable law, up to and including removal.

This Letter is non-disciplinary; you have no right to appeal this Letter. There is no limitation to the instructions given in this Letter, and this Letter supersedes any verbal instructions you may receive in the future that contradict it.

_____
Abraham Cooper
Postmaster, San Francisco Post Office

_____    4/12/2018
Signature of Ronald Caluag for Purposes of Receipt Only    Date

EXHIBIT B

# Exhibit C

# Discrimination is Illegal.

1. You have the right not to be discriminated against, treated worse, or harassed because of your race, color, religion, national origin, age, current or past disability status, genetic information, or sex (including pregnancy, sexual orientation, gender identity, or transgender status).

2. To make a complaint about harassment or discrimination, you must contact the Postal Service's Equal Employment Opportunity (EEO) Office **within 45 days**.

3. You can make a complaint online at **https://efile.usps.com**.

# Retaliation is Illegal.

You have the right to oppose discrimination and participate in anti-discrimination processes free from retaliation.  To report retaliation, you must contact the EEO Office **within 45 days** at **https://efile.usps.com**.

**For immediate help with harassment, discrimination, or retaliation, contact your supervisor, postmaster, Human Resources, or the EEO Office.**

**For more information, see Section 666 of the Employee & Labor Relations Manual and Poster 159.**

EXHIBIT C

# Exhibit D

DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney
EMMET P. ONG (NYBN 4581369)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-6475
      FAX: (415) 436-7234
      wendy.garbers@usdoj.gov

Attorneys for Defendant
POSTMASTER GENERAL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MAY THIN ZAR and PHYU CASTILLO,<br><br>     Plaintiffs,<br><br>  v.<br><br>MEGAN J. BRENNAN, POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE,<br><br>     Defendant. | Case No. 19-250-MMC<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE PURSUANT TO FRCP 41(a)(1)(A)(ii)** |

It is hereby stipulated by and between the undersigned Plaintiffs MAY THIN ZAR and PHYU CASTILLO and Defendant POSTMASTER GENERAL, by and through their respective attorneys, as follows:

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs and Defendant hereby stipulate to dismiss with prejudice the above-captioned action. Except as expressly set forth in the previously-filed Stipulation And Agreement Of Compromise And Settlement And [Proposed] Order, each party is to bear her own costs and attorneys' fees.

**SO STIPULATED AND AGREED.**


DATED:                                    _____
                                          Julia Parish
                                          LEGAL AID AT WORK
                                          Counsel for Plaintiffs MAY THIN ZAR and PHYU
                                          CASTILLO


                                          DAVID L. ANDERSON
                                          United States Attorney

DATED:                         By:        _____
                                          Wendy M. Garbers
                                          Assistant United States Attorney
                                          Attorney for Defendant